IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PETER CHRISTOPHER,<br><br>Defendant. | Case No. 18-cr-00059 DKW<br>Case No. 20-cv-00517 DKW-RT<br><br>**ORDER DENYING WITHOUT PREJUDICE GROUND 10 OF DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

On November 25, 2020, Defendant Peter Christopher filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. Section 2255 (Section 2255 motion). Although Christopher elected to use Section 2255 to challenge his judgment of conviction and sentence, included in said challenge was a claim−at the time, involving four sub-issues−that did none of the things Section 2255 is designed to address. More specifically, in "Ground 10" of his Section 2255 motion, Christopher challenged the *conditions* of his confinement, and the Bureau of Prisons' *calculation* of good time credit towards his sentence. None of those matters is properly brought under Section 2255, something which Christopher now acknowledges to be the case. This Section 2255 proceeding, however, cannot be hijacked to fast-track claims that should have been brought in separate legal actions, with distinct and different filing fees, particularly where, as

here, the claims have not been properly or adequately presented. Therefore, as more fully discussed herein, the Court DENIES Ground 10 WITHOUT PREJUDICE to renewal should Christopher choose to properly pursue them in separate legal actions.

## LEGAL STANDARD

Section 2255 of Title 28 of the United States Code is properly used when "[a] prisoner in custody under sentence of a court established by Act of Congress … move[s] the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id*.

## RELEVANT PROCEDURAL BACKGROUND

In Ground 10 of his Section 2255 motion, Christopher raises four sub-issues, none of which are properly brought under Section 2255 because they do not collaterally attack the sentence this Court imposed on January 30, 2020.[1] More specifically, Christopher argued that he had: (1) been deprived of sufficient time

---

[1] Christopher was sentenced to a term of 14 months' imprisonment after he pled guilty to the wrongful furnishing of another's passport. Dkt. No. 395. Christopher began serving his sentence on July 1, 2020. *See* Dkt. No. 411.

outside his cell, including insufficient time in the law library; (2) not been transferred to home confinement by the Bureau of Prisons (BOP) in contravention of the First Step Act; (3) not been given good time credit for using his prison time "productively"; and (4) been prevented from obtaining his legal files from his former counsel. Dkt. No. 413-1 at 20. The government subsequently filed a response to the entire Section 2255 motion. Dkt. No. 423. With respect to Ground 10, the government responded solely to state that the issues raised were not properly part of the Section 2255 motion, and Christopher should be required to exhaust his administrative remedies pertaining thereto. *Id*. at 30.

Christopher then filed a motion with respect to the then impending March 18, 2021 deadline to file a reply in support of the Section 2255 motion (motion for relief). Dkt. No. 427. Christopher requested both that he be given an additional 60 days to complete his reply and that Ground 10 be "separate[d]" from the rest of the Section 2255 motion because, as he acknowledged, the issues raised therein should not have been brought under Section 2255. *Id*. at 2. The Court granted Christopher's motion to a limited extent. Dkt. No. 428. First, the Court permitted Christopher to file a reply in support of all but Ground 10 by May 17, 2021, giving him, in other words, the additional 60 days he requested. Second, the Court separated Ground 10 from the rest of the Section 2255 motion solely to the extent that Christopher could file a reply in support of that ground by March 18, 2021. *Id*.

On March 15, 2021, Christopher filed a reply addressing only Ground 10. Dkt. No. 429. Therein, he withdrew the second and fourth sub-issues mentioned above. *Id*. at 2. In other words, in his reply, Christopher stated he wished only to proceed with his claims that he had been deprived of sufficient time outside his cell and that his good time credit had been improperly calculated by the BOP.

This Order now follows.

## **DISCUSSION**

With the procedural backdrop described above, the Court addresses, in turn, the two issues Christopher continues to pursue in Ground 10.

**1.    Outside the Cell Time**

In the Section 2255 motion, Christopher argues that he has been given insufficient time outside his cell because he is allowed "only 90 minutes per day outside the cell." Dkt. No. 413-1 at 20. While appearing to acknowledge that the 90-minute restriction is related to "COVID-19[,]" Christopher nonetheless contends that the restriction is still unconstitutional because "there has been no COVID outbreak in any unit at the [Federal Detention Center]."[2] *Id*. Christopher also asserts that he has been denied requests for extra time on the law library computer. In his reply, Christopher reiterates that he "need[s] additional time with

---

[2]Christopher is serving his sentence at the Federal Detention Center in Honolulu, Hawaiʻi.

the law library computers….” Dkt. No. 429 at 2.  Specifically, Christopher asks for "at least 4 hours per day" of electronic law library access.  *Id*.

Patently, none of the foregoing has anything to do with the sentence this Court imposed on January 30, 2020.  As mentioned, Christopher now does not contend otherwise, given that, in the motion for relief, he asks the Court to construe Ground 10 under 28 U.S.C. Section 2241.  Dkt. No. 427 at 2.  Section 2241, however, is no more of an appropriate vehicle for this claim than Section 2255.  This is because the issue clearly involves the *conditions* of Christopher's confinement−the time outside his cell−rather than the recognized "core" of habeas.  *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (explaining that the "core" of habeas concerns challenges to "the fact of [the] conviction or the duration of [the] sentence.").

Under the circumstances here, the appropriate pathway for Christopher, a federal prisoner, to challenge the conditions of his confinement is through filing a civil suit under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) or the Federal Tort Claims Act (FTCA).  *See Nettles v. Grounds*, 830 F.3d 922, 931 & n.6 (9th Cir. 2016) (en banc) (concluding that, if a prisoner's claim "does not lie at the core of habeas corpus, it may not be brought in habeas corpus…" and explaining that 42 U.S.C. "§ 1983 is generally unavailable to federal prisoners challenging prison conditions, but such prisoners may have recourse under [*Bivens*] and the

[FTCA].") (quotation and citations omitted); *see also Alvarez v. Larose*, 445 F. Supp. 3d 861, 866 (S.D. Cal. 2020) (finding that a lawsuit, challenging conditions of confinement in a federal prison during the coronavirus pandemic, was improperly brought under Section 2241).[3]

In this light, the Court will not permit this part of Ground 10 to proceed as Christopher requests, not the least because neither party has had an opportunity to brief the issue using the correct legal framework and, thus, the issue has not been properly presented for adjudication.[4] It is, therefore, incumbent upon Christopher, should he so choose, to file a new legal action in order to pursue his "insufficient time outside his cell" claim.[5] As raised in the Section 2255 motion, the claim is DENIED WITHOUT PREJUDICE.

---

[3]In this regard, the Court notes that, with respect to Ground 10, Christopher appears to ask that he be "transfer[red]" to home confinement due to the violations he alleges. Dkt. No. 413-1 at 20. Although this could, arguably, be construed as a challenge to the *duration* of his confinement, Christopher's briefing reflects otherwise. Notably, Christopher asks for this Court to order the BOP to "fix" the alleged violations, *id*, and, in his reply, for at least four hours of electronic library access, Dkt. No. 429 at 2. These requests do not challenge the duration of Christopher's sentence. This Court also has no jurisdiction to transfer Christopher to home confinement. *Macias v. Bradley*, 2020 WL 6681250, at *2 (C.D. Cal. Nov. 10, 2020) (finding that the court lacked jurisdiction to order home confinement).

[4]In addition, although, in the motion for relief, Christopher states he will pay the filing fee for a Section 2241 proceeding, it is unclear whether he will pay the filing fee for a civil case brought under *Bivens*. The latter is significantly greater ($402) than the former ($5). *See* https://www.hid.uscourts.gov/dsp_FeeSchedule.cfm?pid=3&mid=14 (last visited Mar. 19, 2021).

[5]In making such a decision, the Court notes that Christopher's underlying claim is likely meritless. As discussed, in his reply, Christopher focuses this claim on his purported insufficient time on the law library computer. There is, however, "no established minimum requirement for satisfying the access requirement; rather, a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access." *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994) (quotation omitted). Here, there can be no legitimate argument that Christopher has been denied meaningful access to the law library in general or a computer

**2.      Good Time Credit**

In the Section 2255 motion, Christopher states only the following with respect to his argument that the BOP has not credited him with sufficient time toward his sentence: "The third issue related to FDC Honolulu is that it has not implemented the First Step Act's requirement to credit inmates with additional time credit based on time used productively."  Dkt. No. 413-1 at 20.  In the reply, Christopher expands on this issue by appearing to explain that, while he has been awarded "standard good time credit[,]" he has not received time credits under the First Step Act.  Dkt. No. 429 at 2.  He asserts that he has engaged in over 1500 hours of "productive activity" while in prison, including such activities as reading, writing, tutoring, and working, which, he contends, should entitle him to at least 16, and potentially more than 100, days of time credit.  He argues that, if those time credits are applied to his sentence computation, he should be released "immediately…."  *Id*.

On this occasion, the Court agrees that Section 2241, rather than Section 2255, is the proper statutory basis to pursue any claim related to the BOP's

---

specifically.  Notably, Christopher has evidently received sufficient access to both in order to prepare and file the Section 2255 motion, the motion for relief, and the instant reply.  Further, the Court has given Christopher the additional time he requested in order to file a reply in support of the rest of the Section 2255 motion.  There has, thus, been no denial of access to the courts here.  *See Lewis v. Casey*, 518 U.S. 343, 350-351 (1996) (explaining that "prison law libraries and legal assistance programs are not ends in themselves, but only means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.") (quotation omitted).

*calculation* of a prisoner's sentence. *See Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (stating that a challenge to the manner in which a sentence is executed is "maintainable only in a petition for habeas corpus filed pursuant to [Section] 2241."); *see also Mujahid v. Daniels*, 413 F.3d 991, 993-995 (9th Cir. 2005) (reviewing a challenge to the alleged deprivation of good time credit under Section 2241). That, however, does not resolve the problem that Christopher has created by bringing such a claim in this Section 2255 proceeding. Among other things, as the government points out, any claim under Section 2241 must be administratively exhausted before being brought in federal court. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (explaining that, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241.").[6] Here, the record fails to show that Christopher has exhausted *all* available administrative remedies.[7]

---

[6] The Court notes that, with respect to the issue of outside cell time discussed earlier, the same is true at least as to any claim brought under the FTCA. *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (explaining that "[t]he FTCA's exhaustion requirement is jurisdictional and may not be waived[,]" and, thus, a plaintiff must exhaust his administrative remedies before filing an FTCA action).

[7] Christopher appears to contend otherwise in two principal ways. First, he argues that exhaustion is an "affirmative defense[,]" rather than a matter he must establish. Dkt. No. 429 at 2 (citing *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)). *Albino*, however, was a Section 1983 case under the Prison Litigation Reform Act (PLRA), not a Section 2241 proceeding. *See Albino*, 747 F.3d at 1165. In that regard, the PLRA does not apply to "habeas corpus proceedings challenging the fact or duration of confinement in prison[.]" 18 U.S.C. § 3626(g)(2). Second, Christopher asserts that he "filed a BP8 and BP9 on this, following it with a BP10 to the region approximately February 10th. I have yet to receive a response from the region." Dkt. No. 429 at 2. The final two levels of administrative review within the BOP involve appealing to the "appropriate regional director" and then to "the General Counsel" on a BP-11 form. 28 C.F.R.

8

That is reason alone to deny this claim without prejudice. *See Quinonez v. McGrew*, 649 F. App'x 475 (9th Cir. Apr. 29, 2016) (affirming the dismissal without prejudice of a Section 2241 petition for failure to exhaust administrative remedies).[8]

## CONCLUSION

For the reasons set forth herein, the Court DENIES WITHOUT PREJUDICE Ground 10 of the Section 2255 motion. The remaining claims in said

---

§ 542.15(a). The assertions in the reply reflect that Christopher has only gone as far as the appropriate regional director, which is not complete exhaustion. *See id*. Further, although Christopher asserts that he has not received a response from the regional director, despite mailing a BP-10 form around February 10th, this did not prevent him from taking the next (and final) step in the administrative process. Notably, 28 C.F.R. Section 542.18 provides that a regional director shall respond to an appeal within 30 calendar days and, "[i]f an inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Christopher has also failed to show (or even argue) that attempting to fully exhaust would have been futile. *See Ward*, 747 F.3d at 1045 (explaining that exhaustion can be waived due to futility). Therefore, the record does not show that Christopher has exhausted his administrative remedies on this issue.

[8]The Court further notes that, like the first issue discussed above, this issue also appears meritless on the current record. Christopher asserts that he is entitled to additional good time credit because he has engaged in "productive activity" while in prison. Dkt. No. 429 at 2. Assuming the accuracy of the activities Christopher has allegedly engaged in and the exhibits to which he cites, at best, they indicate that certain activities may be considered "productive" by the BOP provided that the same are "assigned" to an inmate. *See generally* Dkt. No. 429-5. Here, Christopher has made no showing that the BOP has classified reading "over 50 books", writing "1 book", or reading over "100 magazine issues" as "productive activities." Nor has Christopher shown that any of the tasks he lists as having done were "assigned" to him for purposes of receiving good time credit under the First Step Act. Instead, all he has provided is an "Individualized Needs Plan" saying that he should "[p]repare mentally through reading and furtherance of education for release." *See* Dkt. No. 429-3. That plan, however, makes no mention of the First Step Act, earning good time credit, or even "productive activities." Instead, the language quoted above relates to Christopher's "Next Program Review Goals[.]" *Id*. It, thus, cannot be used by Christopher to turn over 1500 alleged hours of reading and writing into good time credit.

Section 2255 motion will remain on the established briefing schedule. *See* Dkt. No. 428.

IT IS SO ORDERED.

Dated: March 23, 2021 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
United States District Judge

---

*United States of America v. Peter Christopher*; CR 18-00059 DKW and Civil No. 20-00517 DKW-RT; **ORDER DENYING WITHOUT PREJUDICE GROUND 10 OF DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**